George BOURNE and Caroline
Bourne, Appellants

v.

TEMPLE UNIVERSITY HOSPITAL,
Gail Berman, M.D., and Temple Car-
diology Associates,[1] Appellees.

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.

Filed Aug. 2, 2007.

Michael Yanoff, Lansdale, for appellants.

J. Kurt Straub, Philadelphia, for Temple
Univ., appellee.

BEFORE: STEVENS, McCAFFERY,
and KELLY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellants, George and Caroline
Bourne, appeal from the order that denied
their petition to open and/or strike the
judgment of *non pros* which had been
entered against them. Specifically, Appel-
lants argue that the trial court erred in its
application of Pa.R.C.P. 1042.3, regarding
the calculation of time within which a cer-
tificate of merit must be filed in a profes-
sional liability action. Upon review, we
reverse and remand.

---

1. We note that Temple Cardiology Associates
has been dismissed without prejudice from
this action by stipulation of the parties and
with the approval of the trial court.

¶ 2 The relevant facts and procedural history of this matter are as follows. On September 15, 2005, Appellants filed a complaint against Appellees, Temple University Hospital, John Doe and Jane Doe, Gail O. Berman, M.D., and Temple Cardiology Associates. In their complaint, Appellants alleged that Mr. Bourne, who suffered from congestive heart failure, had been admitted to Temple University Hospital on or about April 25, 2003, with shortness of breath. Mr. Bourne was informed that a defibrillator which had previously been inserted into his chest needed to be repositioned. Thereafter, on or about May 7, 2003, Mr. Bourne underwent surgery in order to reposition the defibrillator. While recuperating in the hospital, Mr. Bourne developed severe bed sores, an ulcer in his rectum, internal hemorrhoids, and diverticula in his sigmoid colon. He also developed a sacral hematoma which progressed to a decubitus ulcer. His wounds became infected, for which medication was required. Appellants alleged that all aforementioned Appellees were negligent in permitting these injuries to occur.

¶ 3 Appellants did not file any certificates of merit with their complaint.[2] However, on November 2, 2005, they filed a motion seeking an extension of time within which to file a certificate of merit, pursuant to Pa.R.C.P. 1042.3(d). Temple University Hospital and Dr. Berman, jointly represented by counsel, filed a response to and brief in opposition to Appellants' motion in which they argued that Appellants had not demonstrated the requisite good cause which would warrant an extension of time within which to file a certificate of merit. By order filed December 7, 2005, the trial court denied Appellants' motion,

and the next day, December 8, 2005, Temple University Hospital and Dr. Berman filed a praecipe for the entry of a judgment of *non pros* pursuant to Rule 1042.6(a). Later that same day, Appellants' attorney filed certificates of merit indicating that an appropriate licensed professional had supplied a written statement that there was a basis to conclude that the Appellees' care fell outside acceptable professional standards and that such conduct had caused Mr. Bourne's harm.

¶ 4 On December 20, 2005, Appellants filed a petition to open and/or strike the judgment of *non pros* which had been entered in favor of Temple University Hospital and Dr. Berman. In their petition, Appellants averred that (1) they had secured the written opinion of a licensed nurse on November 11, 2005, and had sought the written opinion of a licensed physician to buttress the underlying action; (2) their filing of a motion to extend the time for filing the certificate of merit acted to stay the 60–day period for filing the certificate; and (3) they were justified in seeking an extension of time in that Temple University Hospital and Dr. Berman had failed to provide Appellants with all of the necessary medical records pertaining to the underlying action. Appellants concluded their petition by noting they had filed certificates of merit on December 8, 2005. By order filed February 6, 2006, the trial court denied Appellants' petition to open and/or strike the judgment of *non pros*, and this appeal followed. By order entered March 3, 2006, the trial court directed Appellants to file a Pa. R.A.P.1925(b) statement. Appellants did so, and the trial court filed its Pa.R.A.P. 1925(a) opinion. On April 24, 2006, the trial court approved a stipulation with-

**2.** Rule 1042.3(a) provides, generally, that, within 60 days of the filing of a complaint, a certificate of merit must be filed in any civil

action which asserts a professional liability claim alleging that a licensed professional deviated from an acceptable standard of care.

drawing without prejudice the claims against John Doe, Jane Doe, and Temple Cardiology Associates, thereby rendering the trial court's February 6, 2006 order final for purposes of appeal. *See* Pa. R.A.P. 341. Appellants now raise the following three issues for our review, which we have re-ordered for ease of disposition:

I. Should the trial court have stricken the entry of judgment of non pros under the Pennsylvania Rules of Civil Procedure and Pennsylvania case law?

II. Did the trial court abuse its discretion in denying Appellants' motion for an extension of time in which to file a certificate of merit?

III. Should the trial court have opened the entry of judgment of non pros under the Pennsylvania Rules of Civil Procedure and Pennsylvania case law?

(Appellants' Brief at 4).[3]

■ ¶ 5 In support of their first issue, Appellants argue that the trial court erred in failing to strike the judgment of *non pros* because Appellants had filed a timely motion to extend the period of time within which to file a certificate of merit, which filing tolled the running of the 60–day period provided in Rule 1042.3. We agree.

■ ¶ 6 Our review is guided by the following legal precepts:

When reviewing the denial of a petition to strike and/or open a judgment of *non pros,* we will reverse the trial court only if we find a manifest abuse of discretion.

"It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." Additionally, the rule governing relief from judgment of *non pros* indicates in pertinent part: (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay; and (3) there is a meritorious cause of action.

*Varner v. Classic Communities Corp.,* 890 A.2d 1068, 1072 (Pa.Super.2006) (citation and quotations omitted).[4] *See* Pa.R.C.P. 3051 (relating to relief from judgment of *non pros*).[5] Once a judgment of *non pros* has been entered, the burden rests on the plaintiff to demonstrate that there is good cause for reactivating the case. *See Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006).

¶ 7 The Pennsylvania Rules of Civil Procedure regarding the filing of certificates of merit in professional liability cases provide, in relevant part, the following:

**Rule 1042.3  Certificates of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file

---

**3.** In light of our disposition of Appellants' first issue, we do not reach the merits of the remaining two issues.

**4.** We note that whether Appellants had a legitimate excuse for failing to file a timely certificate of merit relates to the second prong enunciated *supra.* Regarding the first prong, there is no dispute that Appellants timely filed their petition to open and/or strike the judgment of *non pros.* Regarding the final prong, Appellants proffer that the certificate of merit

they procured from a registered nurse creates a presumption that they have a meritorious cause of action. *See* Appellant's Brief at 21–22.

**5.** A plaintiff may seek relief under Pa.R.C.P. 3051 from a judgment of *non pros* entered pursuant to Pa.R.C.P. 1042.6. *Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006); *Ditch v. Waynesboro Hospital,* 917 A.2d 317, 327 (Pa.Super.2007).

with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party. . . .

\* \* \* \* \* \*

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. **The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.**

Pa.R.C.P. 1042.3(a), (d) (emphasis supplied; notes omitted).

¶ 8 To "toll" is defined in Black's Law Dictionary as "to stop the running of; to abate." *Black's Law Dictionary* 1525 (8th ed. 2004). The effect of tolling a specified time period contained in a statute or rule is to stop the running of the time within which a specific action must be taken in order to be considered timely. *See e.g., Fancsali v. University Health Center of Pittsburgh,* 563 Pa. 439, 448–49, 761 A.2d 1159, 1163–64 (2000) (stating that the Minority Tolling Statute, 42 Pa.C.S.A. § 5533(b), suspends the commencement of the two-year limitation period for a minor's personal injury claim until the minor turns eighteen years old.)

¶ 9 In the case *sub judice,* Rule 1042.3(d) effectively suspended the time within which Appellants were required to file their certificate of merit from the date Appellants filed their motion to extend until after the trial court ruled thereon. Because the motion was filed on the 48th day after the filing of the complaint, the certificate of merit would have been due on the 12th day after the court denied that motion. In other words, the 60–day clock stopped ticking on day 48 and resumed

when the court denied the motion to extend, thereby affording Appellants an additional 12 days within which to file the certificate. In fact, Appellants did file certificates of merit on the 49th day, *i.e.,* December 8, 2005. We determine that this filing was timely, and thus, Appellees' filing for entry of judgment on the day after the denial of Appellants' motion to extend was premature, and should not have been granted.

¶ 10 Accordingly, for the foregoing reasons, we reverse the order of the trial court denying the petition to strike and/or open the judgment of *non pros* and remand for proceedings not inconsistent with this opinion.

¶ 11 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 12 STEVENS, J., files Dissenting Opinion.

## DISSENTING OPINION BY STEVENS, J.:

¶ 1 After careful review, I conclude that Appellants George and Caroline Bourne waived the issue of whether the trial court correctly applied Pa.R.C.P. 1042.3(d) and its tolling provision. Therefore, it is unnecessary to review the merits of the issue, and I would not reverse and remand on this basis. In addition, I conclude no relief is due regarding Appellants' two remaining contentions. As I would affirm the trial court's order denying Appellants' petition to open and/or strike the judgment of *non pros,* I respectfully dissent.

¶ 2 Appellants contend the trial court erred in failing to strike the judgment of *non* pros because Appellants had filed a timely motion to extend the period of time within which to file a certificate of merit, which filing tolled the running of the 60–day period provided in Pa.R.C.P. 1042.3.

The Majority concludes there is merit to Appellants' contention and reverse and remand on this basis. However, I conclude the issue is waived.

¶ 3 In addressing the tolling provision in its Pa.R.A.P.1925(a) opinion, the trial court suggests Appellants did not present this specific issue in their petition to open and/or strike or in their two supporting briefs. The single arguable reference Appellants made to the tolling provision of Rule 1042.3(d) is as follows:

> 8. Plaintiffs continued to pursue a written statement from a licensed physician to further buttress the underlying action. Plaintiffs continued this search under the protection of its Motion for Extension of Time to File Certificate of Merit, which stayed the 60 day period for filing a certificate of merit according to Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

¶ 4 This bald assertion was insufficient to place the trial court on notice as to Appellants' proposed interpretation of Rule 1042.3(d). It is also well-settled that Appellants cannot advance new theories for relief on appeal. *See* Pa.R.A.P. 302(a). Moreover, Appellants subsequently stated in one of their briefs that they acknowledge they failed to file a Certificate of Merit within sixty (60) days as required by Rule 1042.3(a). Appellants did not develop this argument in the court below, raising it for the first time on appeal; thus, this issue has been waived. Pa.R.A.P. 302(a). Therefore, the Majority should not have discussed the merits of the issue. As I find this issue has been waived, I must dissent.

¶ 5 Appellants' next contention is that the trial court erred in denying their motion for an extension of time in which to file certificates of merit since they established good cause for needing an extension, and the trial court should have granted Appellants' petition to open the judgment of *non pros.* Specifically, Appellants contend that, despite their diligent efforts, Temple University Hospital and Dr. Berman failed to provide Appellants with all of the requested, relevant medical records, and, therefore, the validity of their medical malpractice claims could not be properly evaluated by an appropriate expert.

When reviewing the denial of a petition to strike and/or open a judgment of *non pros,* we will reverse the trial court only if we find a manifest abuse of discretion. "It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." Additionally, the rule governing relief from judgment of *non pros* indicates in pertinent part:

> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>
> (3) there is a meritorious cause of action.

*Varner v. Classic Communities Corp.,* 890 A.2d 1068, 1072 (Pa.Super.2006) (citation and quotations omitted).[6] *See* Pa.R.C.P.

---

**6.** I note that whether Appellants had a legitimate excuse for failing to file a timely certificate of merit relates to the second prong enunciated *supra.* Regarding the first prong, no one disputes that Appellants timely filed their petition to open and/or strike the judg-ment of *non pros.* Regarding the final prong, Appellants proffer that a certificate of merit they procured from a registered nurse creates a presumption that they have a meritorious cause of action. *See* Appellant's Brief at 21–22. Appellants' contention regarding the fi-

3051 (relating to relief from judgment of *non pros*).[7] Once a judgment of *non pros* has been entered, the burden rests on the former plaintiff to demonstrate that there is good cause for reactivating the case. *See Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006).

¶ 6 Resolution of the case *sub judice* requires us to review the Pennsylvania Rules of Civil Procedure regarding the filing of certificates of merit in professional liability cases. Specifically, Pa.R.C.P. 1042.3 provides, in relevant part, the following:

**Rule 1042.3. Certificates of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

*Note:* It is not required that the "appropriate licensed professional" who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial. It is required, however, that the "appropriate

licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. 1303.512.

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

\* \* \*

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

\* \* \*

**(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be**

nal prong was not raised in their court-ordered Pa.R.A.P.1925(b) statement, and therefore, it has been waived. *See Karn v. Quick & Reilly Inc.,* 912 A.2d 329 (Pa.Super.2006).

7. This Court has held that a plaintiff may seek relief under Pa.R.C.P. 3051 for relief from a judgment of *non pros* entered pursuant to Pa.R.C.P. 1042.6. *Ditch v. Waynesboro Hosp.,* 917 A.2d 317 (Pa.Super.2007).

filed until the court rules upon the motion.

*Note:* There are no restrictions on the number of orders that a court may enter extending the time for filing a certificate of merit provided that each order is entered pursuant to a new motion, timely filed and based on cause shown as of the date of filing the new motion.

The moving party must act with reasonable diligence to see that the motion is promptly presented to the court if required by local practice.

In ruling upon a motion to extend time, the court shall give appropriate consideration to the practicalities of securing expert review. **There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitation was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available.**

Pa.R.C.P. 1042.3(a)(1), (2), (3), (d) (emphasis in original and added). Although the Rules of Civil Procedure do not define the term "diligent," the term is commonly defined as "characterized by steady, earnest, and energetic efforts." Merriam Webster's Collegiate Dictionary 325 (10th ed. 1993). *See* Pa.R.C.P. 103(a) ("Words and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . .").

¶ 7 Regarding the consequence of not filing timely certificates of merit, Pa. R.C.P. 1042.6, provides the following:

## Rule 1042.6. Entry of Judgment of Non Pros for Failure to File Certification

(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

*Note:* The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe. . . .

Pa.R.C.P. 1042.6(a) (emphasis in original).

¶ 8 In resolving this issue, focus is on Subsection (d) of Rule 1042.3. Specifically, the issue presented is whether Appellants exercised diligent efforts to secure Mr. Berman's medical records,[8] thereby demonstrating "good cause" warranting an extension of time. I conclude that they did not.

¶ 9 It is undisputed that Appellants paid $1,302.97 for the cost of reproducing Mr. Berman's medical records, that Appellants received some medical records in March or April of 2005, and that Appellants forwarded the medical records to potential experts for review. At some point, Appellants' potential experts contacted Appellants and informed them the voluminous medical records[9] were incomplete. Thereafter, even though opposing counsel entered his appearance on August 12, 2005, Appellants sent letters dated September 1, 2005 and October 24, 2005 directly to "Darlene" at Temple University Hospital. In response, Temple University Hospital indicated they were unable to

---

**8.** The trial court concluded Appellants never received all of Mr. Bourne's medical records. Trial Court Opinion filed 9/1/06 at 3. Furthermore, the trial court apparently concluded such records were "necessary to review the validity of the claim." Pa.R.C.P. 1042.3(d)

Note. We find no abuse of discretion in this regard.

**9.** Temple University Hospital and Dr. Berman do not dispute that Appellants were sent approximately 3,793 pages of medical records.

send any medical records to Appellants because they were involved in litigation. Appellants still did not contact opposing counsel. In fact, as of the time of filing their motion for an extension of time on November 2, 2005, Appellants neither contacted opposing counsel to inform him of the missing medical records nor sought formal discovery under the Rules of Civil Procedure.[10] The only effort Appellants made in securing the missing medical records was, as stated, to informally contact one of the named defendants, who was represented by counsel. I conclude such "efforts" violated Pennsylvania Rule of Professional Conduct 4.2, which prohibits a lawyer from communicating with a party the lawyer knows to be represented by another lawyer. As the trial court succinctly stated:

> "Good cause" cannot be read to exist where [Appellants] fail to make use of procedures available vise-a-vie the discovery rules. Once litigation ensues any reasonable attempt to gain access to medical records in a medical malpractice action begins with use of the court's subpoena powers. A party's written request directly to an opponent who is represented by counsel does not meet the diligent efforts standard.

Trial Court Opinion filed 9/1/06 at 3.

¶ 10 Anticipating that there was no abuse of discretion in the trial court's ruling on this issue, and conceding that Appellants could have employed formal discovery procedures to compel Temple University Hospital to turn over any missing medical records, Appellants requested this Court to overlook their at-torney's inaction as an equitable exception to Pa.R.C.P. 1042.3. However, I conclude this specific argument was not raised in the trial court; but rather, was advanced for the first time on appeal. *See* Pa.R.A.P. 302(a). Also, the specific issue was not included in Appellants' court-ordered Pa.R.A.P.1925(b) statement. *See Karn, supra.* Therefore, I would find this contention to be waived.

¶ 11 Appellants' final contention is that the trial court erred in denying their petition to open the judgment of *non pros* since, as of November 11, 2005, Appellants had a certificate of merit from Elisabeth Ridgley, R.N. but just neglected to file such within sixty days. Essentially, Appellants argue the only deficiency in this case was a lack of notice with regard to a valid certificate of merit and, since the rules of civil procedure are to be liberally construed under Pa.R.C.P. 126, equity required the trial court to open the judgment of *non pros.*

¶ 12 It is well settled that all issues must be raised in a timely, court-ordered Pa. R.A.P.1925(b) statement and the failure to raise a particular issue will result in waiver of the claim on appeal. *See id.* In the case *sub judice*, Appellants' Pa.R.A.P. 1925(b) statement makes no reference to Appellants' specific issue, and therefore, I would find this issue to be waived. The fact Appellants vaguely alleged in their Pa.R.A.P.1925(b) statement that "This Honorable Court committed an error in denying Appellants' Petition to Open and/or Strike Judgment of Non Pros from which Order said Appeal has been taken,"

---

10. Pa.R.C.P. 1042.5 provides that a party may seek the production of documents prior to the filing of a certificate of merit. Moreover, Pa.R.C.P. 4009.1 provides, in relevant part, that:

> Any party may serve a request upon a party pursuant to Rules 4009.11 and 4009.12 ... to produce and permit the requesting party, or someone acting on the party's behalf, to inspect and copy any designated documents ... which are in the possession, custody or control of the party or person upon whom the request or subpoena is served....

does not alter my waiver analysis. It is well-settled that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 335 (quotation omitted).

¶ 13 In light of the foregoing, I would affirm the trial court's order, and therefore, I respectfully dissent.