J-A07012-17
J-A07013-17

2018 PA Super 125

| | |
|---|---|
| JENNIFER M. STRAW AND THOMAS P. STRAW, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF ELIJAH C. STRAW, DECEASED; AND ROWAN J. STRAW, A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL GUARDIANS, JENNIFER M. STRAW AND THOMAS P. STRAW | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KIRK A. FAIR AND GOLON MASONRY RESTORATION, INC. | |
| v. | |
| PITTSBURGH LUBES, INC. T/D/B/A JIFFY LUBE, TOWER AUTO SALES & SERVICE, NATIONAL AUTOMOTIVE PARTS ASSOCIATION-NAPA AUTO PARTS T/D/B/A/ NAPA | |
| v. | |
| THOMAS P. STRAW | |
| APPEAL OF: GOLON MASONRY RESTORATION, INC. | No. 742 WDA 2016 |

Appeal from the Judgment Entered April 28, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. NO. 2013-003294

| | |
|---|---|
| JENNIFER M. STRAW AND THOMAS P. STRAW, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF ELIJAH C. STRAW, DECEASED; AND ROWAN J. STRAW, A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A07012-17
J-A07013-17

GUARDIANS, JENNIFER M. STRAW AND
THOMAS P. STRAW

v.

KIRK A. FAIR AND GOLON MASONRY
RESTORATION, INC.

v.

PITTSBURGH LUBES, INC. T/D/B/A JIFFY
LUBE, TOWER AUTO SALES & SERVICE,
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION-NAPA AUTO PARTS
T/D/B/A/ NAPA

v.

THOMAS P. STRAW

APPEAL OF: GOLON MASONRY
RESTORATION, INC.                              No. 743 WDA 2016

Appeal from the Judgment Entered April 28, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. NO. 2013-003294

BEFORE:   OLSON, STABILE, AND STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

**FILED  MAY 11, 2018**

Were I writing on a clean slate, I would quash this appeal as interlocutory.   A majority[1] of this panel holds that this appeal is properly

---

* Retired Senior Judge assigned to the Superior Court.

[1] In addressing the merits of the issues raised on appeal in his dissenting opinion, Judge Stabile in footnote 1 agrees with Judge Olson that this Court

*(Footnote Continued Next Page)*

- 2 -

before this Court because there were not any pending claims remaining to be disposed of by the trial court after Plaintiffs withdrew their punitive damages claim without prejudice. Majority Memorandum at 25-26 n.11. To support this, the Majority cites **Levitt v. Patrick**, 976 A.2d 581 (Pa. Super. 2009), and **Bourne v. Temple Univ. Hosp.**, 932 A.2d 114 (Pa. Super. 2007). Both cases are materially distinguishable.

In **Levitt**, Levitt filed a mortgage foreclosure action against Patrick; Patrick pled a counterclaim for tortious interference. The claims and counterclaim were bifurcated. Levitt's claim was tried first, resulting in a verdict in favor of Patrick. Levitt appealed, and this Court issued a rule to show cause why the appeal should not be quashed as interlocutory because Patrick's counterclaim was still pending. The parties agreed to discontinue the counterclaim, but the record did not show that the discontinuance was with prejudice. The Court held that "a claim need not be discontinued with prejudice for this Court to have jurisdiction to entertain an appeal." **Levitt**, 976 A.2d at 584. It offered the following explanation, quoted by the Majority.

> The key inquiry in any determination of finality is whether there is an outstanding claim. Pa.R.A.P. 341. … If any claim remains outstanding and has not been disposed of by the trial

*(Footnote Continued)* ─────────────

has jurisdiction to decide the substantive issues before us. Because two judges agree that this Court has jurisdiction over the appeal, our jurisdiction is established. Although I disagree with their conclusion as to jurisdiction, I agree with Judge Olson's disposition of the merits of the appeal.

- 3 -

> court, then it does not matter whether the claim is classified as a counterclaim or a bifurcated claim, for the result is the same: this Court lacks jurisdiction to entertain the appeal unless the appeal is [immediately appealable as of right] or we grant permission to appeal. Pa.R.A.P. 341.
>
> Similarly, if a claim was discontinued **prior to trial**, we do not inquire whether the discontinuance was with or without prejudice. The Pennsylvania Rules of Civil Procedure permit a party to "commence **a second action** upon the same cause of action" after a discontinuance. Pa.R.C.P. 231. **This second action is considered a new action and not a continuation of the initial action**. Because a party may initiate **a new action** upon a discontinued claim, it follows that a discontinued claim is not before the trial court for resolution.
>
> Instantly, the parties jointly agreed to discontinue Patrick's sole bifurcated counterclaim against Levitt. The parties further agreed that all issues that were not the subject of the trial of this matter have been disposed of. The discontinuance constitutes a final judgment as a matter of law. Because our finality inquiry has always focused on the existence of an outstanding claim, we need not examine whether Patrick's bifurcated counterclaim was discontinued with or without prejudice. There are no outstanding claims remaining and thus we have jurisdiction to consider this matter.

Majority Opinion at 25-26 n.11 (quoting **Levitt**, 976 A.2d at 588 (some internal citations, quotations, and corrections omitted)) (emphasis added).

In **Bourne**, the Bournes filed a medical malpractice complaint against the hospital, Dr. Berman, and three others. After the Bournes failed to file a required certificate of merit and were denied an extension, the hospital and Dr. Berman obtained a judgment of *non pros*. The Bournes filed a petition to open the judgment, the trial court denied it, and the Bournes appealed. After the appeal was filed, the trial court allowed the Bournes to "withdraw"

- 4 -

their claims against the other three defendants without prejudice. This Court indicated that this withdrawal rendered final the order denying the petition to open the *non pros* judgment in favor of the hospital and Dr. Berman. ***Bourne***, 932 A.2d 115-16.

The distinctions between these cases and the instant case are many and clear. First, Plaintiffs' decision to forego their punitive damages claim without prejudice did not occur prior to trial; it happened in the middle of trial. Second, Plaintiffs did not discontinue causes of action prior to the disposition of those claims; rather, they declined to have the same jury that determined all other issues in the case render a decision as to one element of damages.

Third, and perhaps most importantly, Plaintiffs' withdrawal of their punitive damages claim expressly contemplates reviving it at a later date in the pending case, not in a new action. In both ***Levitt*** and ***Bourne***, any later pursuit of the discontinued or withdrawn claims would take place in a new, separately filed action; **they would not be revived at a later time in the same action**. Indeed, the fact that the discontinued claim could only be pursued later in a separate action that would not be a continuation of the pending action was the reason this Court in ***Levitt*** concluded that the claim was not still pending before the trial court in the action at issue in the appeal. ***Levitt***, 976 A.2d at 588.

"The fair and efficient administration of justice cannot tolerate 'piecemeal determinations and the consequent protraction of litigation.'" **Driver v. Temple**, 543 A.2d 134, 140 (Pa. Super. 1988) (Kelly, J., dissenting) (citations omitted).  In the interest of judicial economy, "[i]t is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs." **Calabrese v. Collier Twp. Mun. Auth.**, 248 A.2d 236, 238 (Pa. 1968) (O'Brien, J., dissenting).  **See also Hession Condemnation Case**, 242 A.2d 432, 437 (Pa. 1968) (O'Brien, J., dissenting) ("The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra.  Would that a Hercules could appear … to slay this monster.").  Therefore, I would hold that there remains an outstanding issue in the present case and quash this appeal as interlocutory.

However, both of my colleagues disagree with my assessment. Therefore, this Court has jurisdiction over the merits of this appeal, and I join in full Judge Olson's opinion, with the exception of note 11.