J-A22023-18

2019 PA Super 44

| WILLIAM MASSARO, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINCHER CONTRACTING LLC, | : | No. 1013 EDA 2018 |
| KENNETH E. TINCHER II & JOHN | : | |
| DOE 1-10 | : | |

Appeal from the Order Entered March 5, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  15-4999

BEFORE: BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY NICHOLS, J.:                    **FILED FEBRUARY 19, 2019**

Appellant William Massaro appeals from the order granting the motion for summary judgment filed by Appellees Tincher Contracting, LLC, and Kenneth E. Tincher, II (collectively, Tincher).  We quash Appellant's appeal because Appellant has outstanding claims against John Doe 1-10.

We need not discuss the factual background extensively given our disposition.  Briefly, Appellant sued Tincher and John Doe 1-10 for breach of contract, unjust enrichment, breach of implied-in-law contract, breach of implied warranty, and unfair trade practices.  Compl., 3/24/17.  For each claim, Appellant requested relief against all defendants, including John Doe 1-10, who purportedly reside at Tincher's address.  *Id.* at ¶ 4.  On April 12,

_____

[*] Former Justice specially assigned to the Superior Court.

2017, counsel entered his appearance on behalf of Tincher only. Entry of Appearance, 4/12/17. No counsel entered appearance on behalf of John Doe 1-10. Eventually, Tincher filed a motion for summary judgment, which the court granted on March 6, 2018. Appellant timely appealed, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues on appeal:

1. The trial court erred, in determining that there are no genuine issues of material facts, and erred in granting the [Tinchers'] motion for summary judgment, pursuant to the [trial] court['s] order and opinion, dated March 5, 2018.[1]

2. The trial court in determining that all of the requisite elements of the doctrine of collateral estoppel exist to bar the Appellant's claims in this matter.

3. The trial court erred in determining that all of the requisite elements of res judicata exist to bar the Appellant's claims in this matter.

4. The trial court erred in determining that Appellant is raising the same issues and seeking identical roof damages in this matter that Appellant raised in an unrelated binding arbitration between Appellant and his general contractor, Papa.

5. The trial court erred in determining that the writing by and between Appellant and [Tincher Contracting, LLC], dated August 9, 2012, attached to Appellant's complaint as Appellant's Exhibit "1", was not an enforceable contract by and between Appellant and [Tincher Contracting, LLC,] separate and distinct from the written construction management agreement by and between Appellant and a third party general contractor, Papa[,] which contained a binding arbitration clause.

---

[1] The trial court docketed the order on March 6, 2018.

6. The trial court erred in failing to account for the fact that [Tincher] failed to raise, plead and otherwise waived the affirmative defenses of double recovery and set-off in [the Tincher's] new matter, pursuant to Pa.R.C.P. 1032(a), which precludes [Tincher] from raising said issues in [Tincher's] motion for summary judgment.

7. The trial court erred in determining [Appellant] was seeking a double recovery from [Tincher] for roofing damages.

Appellant's Brief at 7-8 (some capitalization omitted).

We may raise whether this Court has jurisdiction *sua sponte*. **Mazur v. Trinity Area Sch. Dist.**, 961 A.2d 96, 101 (Pa. 2008). "Generally, this Court has jurisdiction of 'appeals from final orders of the courts of common pleas.' 42 Pa.C.S. § 742. Rule of Appellate Procedure 341 defines 'final order' as, among other things, any order that 'disposes of all claims and of all parties.' Pa.R.A.P. 341(b)(1)." **Commonwealth v. Grove**, 170 A.3d 1127, 1137 (Pa. Super. 2017), *appeal denied*, 185 A.3d 967 (Pa. 2018).

> The key inquiry in any determination of finality is whether there is an outstanding claim. Pa.R.A.P. 341; *see also Bourne v. Temple Univ. Hosp.*, 932 A.2d 114, 115-16 (Pa. Super.) (noting that court's approval of stipulation withdrawing claims without prejudice rendered order final for purposes of appeal), *appeal denied*, 595 Pa. 710, 939 A.2d 889 (2007). If any claim remains outstanding and has not been disposed of by the trial court, then . . . this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal. Pa.R.A.P. 341.

**Levitt v. Patrick**, 976 A.2d 581, 588 (Pa. Super. 2009); *see Bonner v. Fayne*, 657 A.2d 1001, 1003 (Pa. Super. 1995) (quashing appeal from a trial court order that granted summary judgment against only one of four defendants). Indeed, the **Bourne** Court noted that the trial court had

- 3 -

"approved a stipulation withdrawing without prejudice the claims against John Doe, Jane Doe," and a third party, which rendered a previously-entered order final for purposes of appeal. ***Bourne***, 932 A.2d at 115-16.

Here, Appellant sued Tincher Contracting, LLC, Kenneth E. Tincher, II, and John Doe 1-10. Counsel entered his appearance for Tincher, but not John Doe 1-10. Tincher successfully moved for summary judgment, which left Appellant's claims against John Doe 1-10 outstanding. An order that grants summary judgment in favor of Tincher, but leaves unresolved Appellant's claims against John Doe 1-10 is ordinarily not an appealable order. ***See Bonner***, 657 A.2d at 1003; ***see also Bourne***, 932 A.2d at 115-16. Appellant has not argued that the order otherwise falls within the class of appealable interlocutory orders or he requested permission to appeal. ***See Levitt***, 976 A.2d at 588. Therefore, because Appellant's claims remain outstanding against John Doe 1-10, and Appellant failed to request permission to appeal, we quash. Nothing within our opinion precludes Appellant from filing a timely appeal from a final order. ***See generally*** Pa.R.A.P. 341.[2]

_____

[2] The dissent relies on a footnote in ***Zane v. Friends Hosp.***, 770 A.2d 339, 340 n.1 (Pa. Super. 2001), citing ***Anderson Equip. Co. v. Huchber***, 690 A.2d 1239 (Pa. Super. 1997), which, in turn, quoted ***Thompson v. Peck***, 181 A. 597 (Pa. 1935). The issue in ***Anderson*** was whether the plaintiff could substitute "Anderson Equipment Co." as the proper name for the original "John Doe 1" defendant after the statute of limitations had expired. ***Anderson Equip.***, 690 A.2d at 1240. Based on the record, the ***Anderson*** Court held it was "readily apparent herein that John Doe 1 is not an incorrect name of Anderson Equipment Company. John Doe 1 is an entirely fictitious name for

Appeal quashed.

P.J.E., Stevens joins the opinion.

P.J.E., Bender files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19

---

a fictitious entity having no relation" to Anderson Equipment Co. ***Id.*** at 1241. The ***Anderson*** Court therefore reversed the order permitting the plaintiff's substitution because it added an entirely new party. ***Id.*** at 1243. In ***Thompson***, the issue was whether the trial court erred by granting the plaintiffs' petition to substitute the deceased's executors for the decedent after the statute of limitations had expired. ***Thompson***, 181 A. at 598. The ***Thompson*** Court reversed the trial court. ***Id.*** The substitution issues addressed by ***Anderson*** and ***Thompson*** are not present in this case.