J-A14001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANE CAMMARATA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN M. RAIKIN, JEFFERSON | : | No. 2386 EDA 2024 |
| SURGICAL CENTER, ROTHMAN | : | |
| ORTHOPAEDICS, JEFFERSON HEALTH | : | |

Appeal from the Orders Entered August 14, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230702613

BEFORE:   DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 10, 2025**

Jane Cammarata ("Appellant") appeals from the orders of the Court of

Common Pleas of Philadelphia County, which collectively grant two motions

for reconsideration of Appellant's petition to strike judgments of *non pros*,[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant appeals from the orders granting reconsideration of the grant of her petition to strike the judgments of *non pros*, purportedly entered in the trial court docket on August 13, 2024. Upon review, however, we observe that the trial court entered the order granting reconsideration on August 14, 2024, and provided notice to the parties pursuant to Pennsylvania Rule of Civil Procedure 236 on that same date. We have modified the caption accordingly. Further, although we acknowledge that, typically, an appeal under these circumstances properly lies in the denial of a petition to strike a judgment of *non pros*, since the trial court's grant of reconsideration effectively denies Appellant's petition to strike those judgments, Appellant's appeal is proper. ***See Bartholomeo v. Marshall***, 69 A.3d 610, 613-14 (Pa. Super. 2013)
*(Footnote Continued Next Page)*

separately filed by Steven M. Raikin, M.D., and Rothman Orthopaedics ("Rothman Appellees"), as well as Jefferson Surgical Center and Jefferson Health ("Jefferson Appellees"), (all four parties, together, as "Appellees"). In effect, the orders reinstate Appellees' judgments of *non pros* and dismiss Appellant's case against all parties. After review, we reverse.

Appellant initiated this professional negligence action by writ of summons on July 6, 2023, to recover damages for her alleged injuries following Achilles tendon surgery. **See generally** Complaint, 9/5/23; Writ of Summons, 7/6/23. Appellant subsequently requested discovery of her medical records from Appellees. On September 5, 2023, Appellant filed a complaint against Appellees without a certificate of merit.[2] Rothman Appellees filed a notice of intent to enter judgment of *non pros* on October 9, 2023, due to Appellant's failure to file a certificate of merit. Jefferson Appellees also filed a notice of intent to enter judgment of *non pros* on November 1, 2023. The following day, Appellant filed a timely request for an extension of time to file a certificate of merit on November 2, 2023. Appellees filed answers in

_____

(citation omitted) ("Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike.").

[2] Pennsylvania Rule of Civil Procedure 1042.3(a) provides, generally, that within 60 days of filing a complaint, a certificate of merit must be filed in any civil action that asserts a professional liability claim alleging a licensed professional deviated from an acceptable standard of care. **See** Pa.R.Civ.P. 1042.3(a).

opposition on November 8, 2023. On February 2, 2024, the trial court ordered Appellant to file a certificate of merit within thirty days.

On February 22, 2024, new counsel, Brett M. Furber, Esquire, entered an appearance on behalf of Appellant and filed a motion for extraordinary relief on February 28, 2024, seeking an extension of time to review the record and file a certificate of merit. *See* Motion for Extraordinary Relief, 2/28/24, at 2. Appellees filed praecipes for entry of judgment of *non pros* on March 5 and March 8, 2024. The prothonotary entered judgments in favor of Appellees on those dates.[3] Following the entry of those judgments, Appellant filed a motion on March 8, 2024, seeking an extension of time to file a certificate of merit. On March 19, 2024, Appellant filed a petition to strike the judgments of *non pros*.

Appellees filed answers in opposition on April 9 and 10, 2024. On July 11, 2024, the trial court granted Appellant's petition to strike, striking both judgments of *non pros*, and directed Appellant to file a certificate of merit within thirty days.

On August 6, 2024, Rothman Appellees filed a motion for reconsideration of the July 11, 2024 order. Separately, although Appellant filed two certificates of merit as to the Jefferson Appellees on August 7, 2024, they, too, filed a motion for reconsideration of the July 11, 2024 order on

---

[3] Pennsylvania Rule of Civil Procedure 1042.6 allows for the prothonotary to enter a judgment of *non pros* against the plaintiff for failing to file a certificate of merit within the required time. *See* Pa.R.Civ.P. 1042.6.

August 9, 2024. On August 14, 2024, the trial court granted both sets of Appellees' motions for reconsideration and vacated the order granting Appellant's petition to strike, thereby reinstating both judgments of *non pros* against Appellant and in favor of Appellees. Appellant filed a timely appeal and a court-ordered statement of matters complained of on appeal. **See** Order (notice of appeal), 9/6/24; Order (statement of errors), 10/16/24.

In this appeal, Appellant presents one question for our review:

> Whether the trial court abused its discretion and violated this Court's holding in **Bourne v. Temple Univ. Hosp.**, 932 A.2d 114, 117 (Pa[.] Super[.] 2007)[,] when it granted [Appellees]' [m]otions to [r]econsider, and reinstated a [j]udgment of *[n]on [p]ros*, where [Appellant] timely filed a motion to extend the time to file a certificate of merit under Pa.R.[Civ.]P. 1042.3(d)[,] which was pending at the time of dismissal?

Appellant's Brief, 6.

Appellant argues that the trial court erred in reinstating Appellees' judgments of *non pros* because Appellant filed a timely motion seeking more time to file a certificate of merit. **See id.** at 10-11. Specifically, Appellant argues that **Bourne** applies to this case and reversal is required, where, as in **Bourne**, the filing of a motion to extend time for filing a certificate of merit tolled the 60-day period, thereby rendering the subsequent filing of the certificate of merit timely. **See** Appellant's Brief, 11-14 (citing **Bourne**, 932 A.2d 114 at 117). Appellant argues that under Pennsylvania Rule of Civil Procedure 1042.3(d) and **Bourne**, the trial court should have tolled the time in which she could file a certificate of merit based on her motion for

extraordinary relief filed February 28, 2024. *See id.* at 13; *Bourne*, 932 A.2d 114 at 117. Appellant concludes that because the trial court never ruled on her motion for extraordinary relief, which was filed ten days before the deadline, the time limits for the certificates of merit should have been tolled. *See* Appellant's Brief, 13-14. We agree.

Our standard of review for the denial of a petition to strike a judgment of *non pros* is well-settled. When reviewing the denial of a petition to strike a judgment of *non pros*, we will reverse the trial court only if we find a manifest abuse of discretion. *See Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1072 (Pa. Super. 2006) (citing *Yee v. Roberts*, 878 A.2d 906, 910 (Pa. Super. 2005)). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (Pa. Super. 2015). After a judgment of *non pros* is entered, the burden rests on the plaintiff to show that there is good cause for reactivating the case. *See Bourne*, 932 A.2d at 116 (citing *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006)).

Rule 1042.3 governs the filing of certificates of merit in professional liability cases and provides in relevant part, as follows:

> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within

which a certificate of merit must be filed until the court rules upon the motion.

Pa.R.Civ.P. 1042.3(d).

Additionally, "[t]here are no restrictions on the number of orders that a court may enter extending the time for filing a certificate of merit provided that each order is entered pursuant to a new motion, timely filed[,] and based on cause shown as of the date of filing the new motion." *Id.* (note).

Here, first, the trial court, in its Rule 1925(a) opinion, concludes that Appellant did not specifically request an extension to file certificates of merit. *See* Trial Court Opinion, 12/13/24, 4. Second, it finds that Appellant's initial counsel, James R. Radmore, Esquire, is still counsel of record and has not withdrawn his appearance, so Appellant's claim that new counsel needed the time to obtain the records required for the certificates of merit was not "good cause" within the meaning of Rule 1042.3(d). *See id.* The trial court reasons that since Appellant did not explain the steps that she took to obtain the records, did not specify who failed to produce the records, and did not specify how the records were necessary for the certificates of merit to be filed, her appellate claim lacks merit. *See id.* We disagree.

After our review, we find **Bourne** is directly applicable to this case. In **Bourne**, the plaintiff filed a motion requesting an extension of time to submit a certificate of merit twelve days prior to the filing deadline. *See Bourne*, 932 A.2d at 115. The trial court denied that motion twelve days later, concluding that good cause was not established. *See id.* This Court, however, held that irrespective of the trial court's assessment of good cause, the period for filing

is tolled until the trial court issues its ruling on the motion. ***See id.*** at 117 ("[t]he 60–day clock stopped ticking on day 48 and resumed when the court denied the motion to extend, thereby affording Appellants an additional 12 days within which to file the certificate.").

Here, Appellant filed her motion for extraordinary relief **ten days** before the deadline to file her certificates of merit. ***See*** Motion for Extraordinary Relief, 2/28/23. Our review of the record shows the trial court **never ruled on that motion** for an extension of time before the prothonotary filed judgments of *non pros* for Appellees on March 5 and March 8, 2024. Like ***Bourne***, Appellant's motion for extraordinary relief tolled the time limit for filing Appellant's certificates of merit. ***See Bourne***, 932 A.2d at 117. Accordingly, the prothonotary should only have entered the judgments for *non pros* **after** the trial court's ruling on Appellant's motion for extraordinary relief.

Further, and central to this analysis, we observe that the trial court erred when it concluded that Appellant did not file a motion for an extension of time pursuant to Rule 1042.3(d). Indeed, although short, the last sentence in Appellant's motion for extraordinary relief states that Appellant's new counsel was "requesting a *sixty-day extension* to obtain necessary records needed to file a certificate of merit[.]" Motion for Extraordinary Relief, 2/28/23, 2 (emphasis added). We find that the trial court overlooked Appellant's motion for extraordinary relief, which, although not titled as an extension for filing the required certificates of merit, still substantively requests one. ***See Rivas v. Villegas***, 300 A.3d 1036, 1048 (Pa. Super. 2023) ("while Grandmother

may have filed her request as a petition for special relief which may not have been the most appropriate practice, the title of the document should not control where the substance of the relief requested is clear"); *see also Firearms Owners Against Crime v. Paris*, 335 A.3d 1019, 1038 n.26 (Pa. 2025) ("[I]t is the substance of the relief requested and not the form or phrasing of the requests which guides our inquiry .") (citation and quotation marks omitted). Therefore, we conclude that the trial court abused its discretion by granting Appellees' motions for reconsideration, and we vacate the orders and remand to the trial court for further proceedings.

Orders vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2025